Wayne Toliver, Gilmer, for appellant.

Dwight Brannon, Dist. Atty., Gilmer, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for State.

**Augusta WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67155.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 2, 1983.

Rehearing Denied March 1, 1983.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of voluntary manslaughter; the punishment is imprisonment for 20 years and a fine of $5,000.

The appellant complains that a venireman who was summoned for jury duty was improperly excused. The appellant relies on a bill of exception which he perfected to demonstrate the error.

One Urbine Lange was summoned for jury duty on the venire from which the

---

appellant was required to select jurors for his trial. Lange returned the "Juror's Reply Form" requesting that he be excused from jury duty for the reason "I was convicted for D.W.I." The trial judge granted the request and excused Lange from reporting for jury duty. During the week prior to the Monday on which the jurors were to report for duty and the day on which the appellant's case would be called for trial, defense counsel determined that Lange had been excused. Since the judge was not in town, counsel complained to the court administrator that Lange had been improperly excused. Although Lange had been convicted of the felony offense of driving a motor vehicle on a public highway while intoxicated, he had been granted probation. However, Lange successfully completed more than one-third of the probationary period and the court had entered an order, prior to Lange's being summoned for jury duty, setting aside the conviction and terminating probation. Article 42.12 Section 7, V.A.C.C.P. When the State announced ready the appellant's counsel announced ready subject to his motions. He then asked the court to have Lange "brought in for jury service." The court refused to do so, but allowed counsel the right to bring Lange in at a later date to perfect his bill of exception. The appellant's counsel then requested that he be given an extra strike or that the State be allowed only 9 strikes. This was refused and the State and the appellant were each given and used 10 strikes.

Lange was qualified for jury service. Article 42.12 Section 7, V.A.C.C.P.; *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978). The State used all of its peremptory challenges and the appellant was not allowed an extra peremptory challenge. The appellant timely and properly perfected his bill of exception. Cf. *Dent v. State*, 504 S.W.2d 455 (Tex.Cr.App.1974). The record does not show that the venireman was released from jury service for any other reason. See Article 2120 V.A.C.S.; *White v. State*, 591 S.W.2d 851 (Tex.Cr.App.1979); *Ott v. State*, 627 S.W.2d 218 (Tex.App.—Ft. Worth 1981). Since this is the state of the record, reversal of the judgment is required for the reason that the venireman was improperly excused.

The State cites and relies primarily on *Pearce v. State*, 513 S.W.2d 539 (Tex.Cr.App.1974); and *Culley v. State*, 505 S.W.2d 567 (Tex.Cr.App.1974). Unlike the present case, in neither of these cases did the appellant show that the State had used all of its peremptory challenges and this is the pivotal reason on which these cases were decided. The opinions in these and other cases also comment that it was not shown the prospective juror would have served except for the court's action and that it was not shown the appellant did not have a fair and impartial jury. We do not interpret that language, which might well invite sheer speculation, to indicate that a defendant has failed to show error even though he has shown the State exhausted its peremptory challenges. To adopt the State's argument would nullify the statutory directives and make it virtually impossible to show error when a qualified venireman has been excused by the court without a challenge having been exercised.

The judgment is reversed and cause remanded.

Opinion approved by the court.