Walter DAY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 2–88–217–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 28, 1990.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, and Betty Stanton, Asst. Dist. Attys., Fort Worth, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

In a jury trial, appellant Walter Day, Jr., was convicted of criminal attempt to commit murder. *See* TEX.PENAL CODE ANN. secs. 15.01(a) and 19.02 (Vernon 1989 and Supp.1990). The enhancement allegation of his previous conviction for murder with malice was found to be true, and he was sentenced to sixty years confinement. In his appeal, he presents two points of error, each of which is directed at the excusal of a prospective juror for cause.

We reverse and remand.

Prospective juror Wilson was challenged for cause by the State and the challenge was sustained after she disclosed that she had been convicted of a felony offense involving "food stamp fraud" and placed on probation, after which she satisfied her probation and the charges were dismissed. Ordinarily, one who is under indictment or other legal accusation for theft or any felony, or who has been convicted of either, is disqualified as a juror. *See* TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(2), (3) and 35.19. (Vernon 1989). However, a juror who has completed a felony probation, had his conviction set aside, and had the case dismissed is released from the disabilities attendant upon conviction thereby regaining his qualification to serve as a juror, so that it is error to excuse him for cause. *Janecka v. State*, 739 S.W.2d 813, 834 (Tex.Crim.App.1987) (per curiam); *Walker v. State*, 645 S.W.2d 294, 295 (Tex. Crim.App.1983); *Payton v. State*, 572 S.W.2d 677, 679 (Tex.Crim.App.1978); TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 23 (Vernon Supp.1990). We hold that prospective juror Wilson was not disqualified and that the State's challenge for cause

957

should not have been sustained. We now consider whether this error was preserved by appellant. Since the State argues, in this case, that the point of error on appeal does not correspond with the objection made at trial, we here set out the following from the record:

THE COURT: Now, what about food stamp fraud?

MR. ISAACS (Prosecutor): We have no objection to excusing her.

MR. ONCKEN (Prosecutor): We ask that she be. Even under the law, a probation is a final conviction for these purposes, and we would ask that she be excused for cause on that basis.

THE COURT: What about you?

MR. BAYS (Defense Counsel): I would object, because there is no showing what kind of a probation this was, whether it was a deferred adjudication or a regular probation. I think that would have a great deal of bearing on the—

THE COURT: I think I agree with the State in this particular case.

Ma'am, you are finally excused. Thank you very much. You may go home. You don't have to go to the central juryroom.

Point of error number one is here quoted:
THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S CHALLENGE FOR CAUSE TO JUROR ANNIE LAURA WILSON FOR THE REASON THAT SHE HAD FULLY SERVED HER PROBATIONARY PERIOD.

As we view defense counsel's statement to the court, it impliedly agreed with the incorrect statement of law voiced by the prosecutor, but asserted there was some legal significance to the differentiation between the two types of probation with regard to whether the juror was qualified. We know of no such significance nor is any pointed out by appellant. We agree with the State's contention that error was not preserved because the objection at trial does not comport with this complaint on appeal. See Thomas v. State, 723 S.W.2d 696, 700 (Tex.Crim.App.1986); Moore v. State, 542 S.W.2d 664, 668 (Tex.Crim.App. 1976), cert. denied, 431 U.S. 949, 97 S.Ct.

2666, 53 L.Ed.2d 266 (1977). Point of error number one is overruled.

By his second point of error, appellant presents the issue as to whether an admission of an unadjudicated offense of theft as a plea in bar pursuant to TEX.PENAL CODE ANN. sec. 12.45 (Vernon 1974 and Supp.1990) results in absolute disqualification for jury service. Germane to the issue is the following portion of the record.

THE COURT: Okay. The State has moved to strike Juror No. 23, Matthew Neal Yelton. The records indicate that he has previously pled guilty to a misdemeanor marijuana case, with a plea in bar of a theft case, which he supposedly admitted his guilt of theft.

The State says he is not qualified. The Defendant says he is. In an abundance of caution, since I am not really sure what the legal ramifications of a plea in bar is, we are going to excuse this juror since there are several more ready, willing and able to serve. You are excused. You may go home and we will send you a check.

MR. YELTON: Thank you.

MR. BAYS: Is my objection to the ruling of the Court duly noted?

THE COURT: Counsel for the Defense objects, and I have noted it and studied and, with reluctance, overruled it.

Being bound by the record before us, we must consider that juror Yelton was finally convicted of a misdemeanor and that the court took into consideration his admission of guilt of the offense of theft in assessing punishment for the primary misdemeanor. Whether a person becomes disqualified to serve as a juror as a result of his admission of guilt of an unadjudicated offense of theft appears to be a question of first impression, for which we were cited no cases by either the appellant or the State.

When plea in bar proceedings are compared to those situations where jury disqualification is removed upon successful completion of a probation, as held in Payton, 572 S.W.2d 677, and Walker, 645 S.W.2d 294, it becomes readily apparent

that a plea in bar may also provide a means of disposing of a theft charge so as to terminate a jury disqualification. In such cases, the conviction is only for the primary offense. While the barred offense may be taken into account in determining the sentence for the primary offense, the defendant does not stand convicted of, and cannot thereafter be convicted for, the barred offense. In *Wilkins v. State,* 574 S.W.2d 106 (Tex.Crim.App. [Panel Op.] 1978) the court of criminal appeals, in referring to section 12.45 of the Texas Code of Criminal Procedure, used the following language:

> Primarily, it should be noted that the statute is drawn in such a manner as to give the defendant charged with the crime the sole option of "cleaning the slate" and barring further prosecution for offenses that are taken into consideration in the adjudication of punishment.

*Id.* at 108.

The State contends that Yelton's plea in bar rendered him unfit to serve as a juror and that such plea constituted an admission of his guilt of the unadjudicated theft charge. Of course, he was required to admit guilt on the theft charge to enter his plea in bar, but the Code does not require that he be or that he stand convicted of such charge. We find no authority to the effect that he was found guilty of the theft charge by virtue of the plea in bar, and the State does not so urge. To the contrary, his slate was cleaned of the theft charge, upon his entering his plea in bar, as above discussed.

Under the circumstances of the case before us, we hold that juror Yelton cleaned his slate of the unadjudicated theft charge when he entered his plea in bar, that any jury disqualification due to such theft charge was removed at the time he entered his plea in bar, that he was qualified to serve on the jury in this case, and that the trial court erred in granting the State's motion to excuse him for cause.

■ The error is harmful and therefore reversible, if it is shown that the State has exercised all of its peremptory challenges, since such error has the effect of allowing the State an extra peremptory challenge. *Richardson v. State,* 744 S.W.2d 65 (Tex.Crim.App.1987) (per curiam); *Smith v. State,* 683 S.W.2d 393 (Tex.Crim.App.1984); *Walker,* 645 S.W.2d 294. The State having exercised all of its peremptory challenges, harm is shown and the error is reversible.

The case is reversed and remanded to the trial court.