**Larry Duane ANDERSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–246–CR.**

Court of Appeals of Texas, Fort Worth.

May 6, 1992.

Discretionary Review Refused Sept. 30, 1992.

Jack V. Strickland, Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Steven W. Conder, Elizabeth Cottingham, Elizabeth Horan, Asst. Dist. Attys., Fort Worth, for State.

Before JOE SPURLOCK, II, HILL and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Larry Duane Anderson appeals from his conviction by a jury of aggravated sexual assault of a child. Having found an enhancement allegation to be true, the jury sentenced him to life imprisonment in the Texas Department of Criminal Justice, Institutional Division. In five points of error, Anderson claims that the trial court erred in: 1) excusing a prospective juror who was not shown to be disqualified; 2) allowing the prosecution to argue facts not in evidence; 3) making an evidentiary ruling which was an opinion as to the weight of the evidence; 4) failing to declare a mistrial on his own motion or give a curative instruction following a prejudicial remark by a State witness; and 5) allowing an improper "outcry" witness to offer hearsay testimony from the injured party.

We affirm.

■ In his first point of error, Anderson complains that the trial court erred in excusing, *sua sponte*, prospective juror Adcock for cause. During voir dire, the State elicited from this juror that he had been convicted of felony theft, but that he had successfully served out his probation and was, therefore, not absolutely disqualified on those grounds. *Walker v. State*, 645 S.W.2d 294, 295 (Tex.Crim.App.1983).

The record reflects that following voir dire, the trial court struck Adcock for cause, as follows: "I'm going to strike

[Adcock] for cause on my own motion and either or both of you may have your objection." The prosecutor then stated that she had no objection, while defense counsel stated that "I've got a couple that I'm going to challenge for cause. Do you want me to wait."

Anderson maintains that it can be inferred from the court's ruling that any objection to the trial court's action in striking Adcock would have been futile, thus no objection was necessary. We agree with the State that this is an incorrect interpretation of the trial court's comments. The court was giving each party an opportunity to object, which neither did. We hold that Anderson has failed to preserve any error with respect to the trial court's action, and thus has waived any error for our review. *See Mays v. State,* 726 S.W.2d 937, 950 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988); TEX.R.APP.P. 52(a).

■ In addition, had there been error preserved for appellate review, we would hold that such error was harmless. The record reflects that Anderson struck six venire members that followed the last juror seated, and thus had the opportunity to exercise peremptory challenges on every juror seated. Anderson, therefore, was not forced to accept an unobjectionable juror as a result of the trial court's action. *See Bell v. State,* 724 S.W.2d 780, 796 (Tex. Crim.App.1986), *cert. denied,* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860 (1987). We also note that the State would have had the opportunity to strike Adcock had he remained on the panel, in that they exercised three strikes following the last juror seated. Anderson has not shown that but for the trial court's action Adcock would have served on the jury and that he was forced to accept an objectionable juror, thus rendering any error in the trial court's action harmless. Point of error number one is overruled.

■ In point of error number two, Anderson complains that the trial court erred in allowing the State to argue facts not in evidence. Specifically, he contends that at the punishment phase the State alluded to specific factual details of his prior felony conviction for injury to a child.

The State properly introduced the pen packet containing Anderson's prior conviction for enhancement purposes. During its argument on punishment, the prosecutor stated: "And during the second half of the trial, the punishment phase of the trial, you found out not only does he like to sexually abuse children, he likes to hurt children. He likes to beat children."

It is error for the State to inject specific factual details of a prior conviction that is admitted for purposes of enhancing punishment. *Walker v. State,* 610 S.W.2d 481, 483 (Tex.Crim.App. [Panel Op.] 1980). In *Walker,* the factual detail that was introduced by the State was that the victim of the defendant's prior incest conviction was his stepdaughter. However, *Walker* does not apply to the case at bar as there were no specific details admitted at any point in the punishment phase concerning the prior conviction, about either the relationship between the victim and Anderson, the severity of the "injury," the date of the occurrence, or so forth. The jury could easily infer that felony injury to a child involves "hurting and beating children," and we cannot see how the prosecution's statements injected facts not readily apparent from knowledge of a conviction for injury to a child. *See id.* at 483.

■ Even if it was error for the trial court to admit the prosecution's statements into evidence in this case, that error, if found, would be harmless beyond a reasonable doubt. There was ample evidence that the victim in this case complained of severe pain as a result of the sexual assaults, and that Anderson had threatened to physically punish the child if she ever told anyone of his actions. In light of this evidence, the overwhelming evidence of the guilt of Anderson, and in consideration of those factors enunciated in *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989), any such error in admitting the State's remarks was harmless. Point of error number two is overruled.

■ In point of error number three, Anderson contends that the trial court impermissibly commented on the weight of the evidence by sustaining the State's objection to a portion of defense counsel's punishment argument. The statements objected to are as follows:

In this case look back at the evidence that you heard in this case. Is the evidence in this case strong enough to support a long sentence, the evidence on which you convicted him? If you still have any doubts about that evidence, express them here. If you still have any problems with the State's case and what they presented, express them—

At this point, the prosecution lodged an objection stating that the guilt-innocence phase was over, and that the jury should not be considering anything as far as the guilt-innocence phase was concerned. The court sustained the objection without further comment.

It is the duty of the trial court to rule on objections to evidence or argument without other comment which tends to substantiate, qualify or otherwise embellish the ruling, and the court's sole statement of "sustained" or "overruled" does not itself constitute a comment on the weight of the evidence. *See Smith v. State*, 595 S.W.2d 120, 123 (Tex.Crim.App. [Panel Op.] 1980). We hold that the trial court's remarks in this instance were not of the kind as to benefit the State or prejudice Anderson. *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.App.1983). Point of error number three is overruled.

■ In his fourth point of error, Anderson complains that the trial court erred in failing to *sua sponte* give a curative instruction or declare a mistrial following the prejudicial remarks of a State's witness on direct examination.

The testimony complained of came from Melanie Cleveland, an investigator with Children's Protective Services. The prosecutor asked her what she did in her investigation of this case, and she responded as follows: "As part of the investigation, I spoke with police, parole; and I also made a home visit to Michelle's natural mother's home." Anderson contends that these remarks, to which no objection was made, violated the defense's motion in limine prohibiting proof of extraneous offenses.

We first note that Anderson has failed to preserve any error with respect to the comments in that no objection, request for a curative instruction or request for a mistrial was made following the remarks. Tex.R.App.P. 52(a). We also agree with the State that the motion in limine was not violated by the State, as no testimony was elicited that Anderson was on parole at the time of the investigation, nor was there any testimony as to any offenses committed by Anderson which may have been the basis of parole. Point of error number four is overruled.

■ In his fifth point of error, Anderson contends that the trial court erred in determining that Linda Scheffe was the proper "outcry" witness, and in allowing her to offer hearsay testimony as to what the victim told her concerning the sexual assaults. *See* Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon Supp.1992).

Anderson contends that the proper outcry witness in this case should have been the victim's natural mother, Pamela Scheffe. During the hearing to determine who the proper outcry witness was, Linda Scheffe stated that the victim had told her that she (the victim) had informed her mother that her rectum was bleeding and that Anderson had something to do with it. Linda related that she knew nothing more about the supposed conversation between the victim and her mother.

The general rule is that the trial court has broad discretion concerning outcry witnesses and their testimony, and the standard of review is one of determining whether the court abused its discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim.App.1990); *see also Martin v. State*, 823 S.W.2d 391, 395 (Tex.App.—Texarkana 1992, n.w.h.) (concurring opinion). While we agree with Anderson that Pamela Scheffe, the victim's mother, while not an actual defendant to this action, was thus not per se disqualified as an outcry witness under the statute, Tex.Code Crim.Proc.Ann. art. 38.072, sec. (2), nevertheless, we must

look at the exigent circumstances concerning the trial court's ruling.

Pamela Scheffe was Anderson's live-in girlfriend at the time of the assaults. She was tried and convicted for Endangering a Child arising out of the same facts and circumstances for which Anderson was on trial. Excerpts from Pamela Scheffe's trial admitted at Anderson's trial showed Pamela repeatedly stated at her trial that she knew nothing of the sexual assaults, that the victim had never told her of any such wrongdoing by Anderson, and that she did not believe that Anderson had sexually assaulted the victim. We also note that Pamela could potentially have been indicted for the same offense arising out of the same facts and circumstances as Anderson, thereby disqualifying her from being an outcry witness under TEX.CODE CRIM.PROC. ANN. art. 38.072.

In light of the fact that Pamela Scheffe had previously denied under oath any outcry from her daughter, and since she was a potential defendant in an action for the same offense, we believe that were a court to determine that Pamela Scheffe was the only proper outcry witness, such would undermine the apparent purpose of the statute. The problems of proof which occur in cases involving the sexual assault of a child, where the victim is often immature, unsuspecting, and places a great deal of trust in parents and relatives, would be exacerbated to a substantially unfair degree were the courts to arbitrarily hold only the outcry made to family members, or the supposed lack thereof, to be the only permissible evidence of the same.

We hold that the trial court did not abuse its discretion in determining that Linda Scheffe and not the child's mother, Pamela Scheffe, was the proper outcry witness. Therefore, it was not error to permit Linda Scheffe to give hearsay testimony as to what the victim told her concerning the sexual assaults. Point of error number five is overruled.

The judgment is affirmed.