IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-442-CR




MICHAEL R. WILLIFORD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 91-329-K368, HONORABLE BURT CARNES, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of aggravated sexual assault of a child,
Tex. Penal Code Ann. § 22.021 (West 1989), the jury assessed punishment at confinement for
thirty years. Appellant asserts two points of error, contending that: (1) the trial court erred in
admitting hearsay testimony; and (2) the trial court erred in admitting into evidence the videotape
of appellant having sex with his wife. We will overrule appellant's points of error and affirm the
judgment of the trial court.

 In his first point of error, appellant urges that the court erred in admitting the
testimony of the witness, Sandy Evans, in that her testimony did not come under the hearsay
exception contemplated by Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1993). To come
within the ambit of article 38.072, the offense must have been committed against a child twelve
years of age or younger, is applicable "only to statements that describe the alleged offense" and
is restricted to "the first person, 18 years of age or older, other than the defendant, to whom the
child made a statement about the offense." Id. at § 2(a) & § 2(a)(2). Appellant contends that
Evans is not the outcry witness since the victim told her mother and her third grade teacher about
the offense prior to making a statement to child abuse investigator Evans of the Texas Department
of Human Services (D.H.S.).

 Prior to trial, the court held a hearing out of the presence of the jury at which the
testimony of the mother, the teacher, and Evans was elicited. The court found that Evans was the
only one of the three witnesses to whom the victim related facts that describe the alleged offense. 
The State elected to proceed on the first count of a three-count indictment, alleging aggravated
sexual assault of a child by penetration of the child's mouth by appellant's sexual organ.

 Kimberly Williford, the first witness to testify at the hearing, stated that her
daughter told her that appellant "had done things to her" and that he would "take his clothes off
and put it between her legs." Third grade teacher Kelly Stabell testified that the victim told her
she missed an afternoon at school because "she had to go home and talk to her parents." The
victim told Stabell that "her father might go to jail for the rest of his life because her "father made
me do the 's' word. She told me . . . she did spell out s-e-x. She told me her father would take
off all his clothes and make her do it." Stabell felt she should not pursue the matter without
contacting the school nurse, who instructed Stabell to call D.H.S.

 Sandra Evans, child abuse investigator for D.H.S., testified that the victim told her
that after her mom went to work at night, appellant would watch a tape of himself and her mother
having sex in his room. Appellant would then come into her bedroom, take off his clothes and
take off her clothes. "He would then make her allow him to put his penis into her mouth. She
called it a 'bottom' or 'a what's down below.' She said he would ask her to suck and kiss and lick
his penis. She said, 'I didn't want to do this'."

 The first person to whom the child makes a statement about the offense
contemplates a "statement that in some discernible manner describes the alleged offense. . . . The
statute demands more than a general allusion of sexual abuse." Garcia v. State, 792 S.W.2d 88,
91 (Tex. Crim. App. 1990). A trial court has "broad discretion" concerning outcry witnesses and
their testimony and that "discretion will not be disturbed unless a clear abuse of that discretion
is established by the record." Id. at 92. The fact that the victim's mother was appellant's wife
and a defense witness whose testimony tended to undermine the State's case are circumstances to
be considered in determining whether the trial court abused its discretion. See Anderson v. State,
831 S.W.2d 50, 53-54 (Tex. App.--Fort Worth 1992, pet. ref'd).

 Evans was the first person to whom the victim made a statement in some
discernible manner that described the alleged offense. We find that the trial court did not abuse
its discretion in determining that Evans was the outcry witness and that her testimony was
admissible under the hearsay exception of article 38.072. Appellant's first point of error is
overruled.

 In his second point of error, appellant asserts that the trial court erred in overruling
his objection to the admission into evidence of a videotape appellant had taken of himself and his
wife having sex. Appellant urges that the videotape was not relevant, and if relevant, its probative
value was outweighed by the danger of unfair prejudice resulting from the admission of the tape
into evidence. 

 The victim testified that she could see a "little bit" of the movie appellant was
viewing before he entered her room and started "playing with me." Appellant and "my mom" did
not have their clothes on in the movie. Evans testified that the victim told her that appellant
would watch a videotape he had made of himself and her mother having sex before he entered the
room and sexually abused her. Over appellant's objection, the court permitted the State to show
ten minutes of the tape. After the defense rested, the trial court allowed the State to show
"another segment" of the tape to the jury in rebuttal.

 "'Relevant evidence' means evidence having any tendency to make the existence
of any fact that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence." Tex. R. Crim. Evid. 401. Relevant evidence
"may be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice." Tex. R. Crim. Evid. 403.

 Appellant argues that Morton v. State, 761 S.W.2d 876 (Tex. App.--Austin 1988,
pet. ref'd), in which this Court held that a sexually explicit videotape the defendant showed his
wife the night he was alleged to have murdered her was relevant and that its probative value
outweighed its prejudicial effect is distinguishable from the instant cause. The Morton court found
that the tape raised an inference in favor of defendant's motives of being sexually frustrated by
his wife's rejection and of covering up the murder as a burglary. Id. at 881. Appellant urges that
the instant cause is distinguishable factually and that the prejudice is "far more egregious" than
in Morton. Appellant places emphasis on the fact that Morton was a circumstantial evidence case
and that only two minutes of videotape were shown.

 In the instant cause, appellant's viewing of the video immediately preceded his
entry into the victim's room and his sexual advances toward her. In Morton, the evidence only
showed that the tape was viewed the night of the murder. The viewing of the tape by appellant
is so closely interwoven and blended with the offense as to show the context in which the crime
occurred. See Wilkerson v. State, 736 S.W.2d 656, 659-60 (Tex. Crim. App. 1987). We reject
appellant's argument that the tape lacks relevance because the sexual acts depicted in the video
differ from those he is alleged to have committed. The viewing of the video is relevant in that
it tends to raise an inference that it was used by appellant to arouse his sexual desire before he
made his advances toward the victim. See Tex. R. Crim. Evid. § 401. We find that the
complained-of evidence is relevant in showing appellant's motive, intent, and preparation for the
offense. See Tex. R. Crim. Evid. 404(b). We hold that the evidence has relevance apart from
character conformity and is more probative than prejudicial. See Montgomery v. State, 810
S.W.2d 372, 388 (Tex. Crim. App. 1991). No error is shown in the court's action in allowing
portions of the videotape to be shown to the jury. Appellant's point of error is overruled.

 The judgment is affirmed.


 

 Tom G. Davis, Justice

[Before Justices Powers, Kidd and Davis*]

Affirmed

Filed: May 12, 1993

[Do Not Publish]



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).