**Donald Patrick WILLBUR, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–108 CR.**

Court of Appeals of Texas, Beaumont.

April 22, 1987.

Joseph C. Hawthorn, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted for a violation of *TEX. PENAL CODE ANN. art. 32.46* (Vernon 1974), securing the execution of a document by deception. A jury found appellant guilty and the court assessed punishment at ten years confinement in the Texas Department of Corrections and imposed a fine of $5,000. Appellant urges three points of error.

Appellant was in the home building business under the corporate names of Woodland Corporation, Willbur, Inc., and Don Willbur, Inc.. The indictment arose out of the construction and sale of a home in Beaumont, Texas. The indictment alleges that appellant secured the execution of a document, a check, by deception and that the signing of the check affected the pecuniary interest of three individuals. These three individuals were subcontractors who were not paid for work they did on the home.

The State presented evidence that Don Willbur went to the offices of Stewart Title Company for the "closing" on the home. As he was leaving the office, Bill Plunk, the president of the title company, encountered Willbur and asked him if "did we get everything taken care of" or something to that effect. Willbur acknowledged that he

had and left. Plunk then went into his office, reviewed the documents in the file, returned them to the loan company and got their proceeds of the loan. He then made disbursements which included a check for $15,448.99 to the Woodland Corporation. Plunk testified that he arrived at the amount of the check by subtracting any unpaid bills shown in an "All Bills Paid Affidavit" from the sales proceeds otherwise owed to the corporation. He further testified that the three contractors were not shown to have outstanding bills and that if they had been shown, he would not have made the check for that amount.

Plunk did not testify that he witnessed Willbur sign the affidavit, but he did testify that it was unsigned when he left for lunch, that it was signed when he returned from lunch and that he recognized the *signature* of Don Willbur. A secretary at the title company also did not testify that she actually saw appellant sign the affidavit, but she did testify that she did not sign Willbur's name and that only she, Willbur and Plunk had been in the office during the transaction. Plunk also testified he had not signed Willbur's name. The three subcontractors then testified that they had not been paid and had suffered financial loss because of the non-payment.

■ Appellant's first point of error alleges the district court did not have jurisdiction because the prosecution should have proceeded under a more specific statute, which is a misdemeanor. Appellant argues that he should have been prosecuted under *TEX. PENAL CODE ANN. art. 37.02* (Vernon 1974), the class A misdemeanor perjury statute because when two statutes relate to the same subject (*in pari materia*), a prosecution which may fall under either statutes must be charged under the more specific statute. *Ex Parte Harrell*, 542 S.W.2d 169 (Tex.Crim.App.1976). The qualification to that rule in that when the characterization of the subject matter is the same, then one looks to the purpose or object of the statutes and, if they are different, then the rule of *in pari materia* does not lie. *Ex Parte Wilkinson*, 641 S.W.2d 927 (Tex.Crim.App.1982).

■ Appellant's argument is entirely misplaced. The State sought to bring Willbur before the bar of justice for his deception and the effect it had on the pecuniary interest of the subcontractors. While the execution of the affidavit may have been evidentiary of that, it was not the object of the prosecution. In any event, it was the more specific statute concerning the transaction and the proper one under which to proceed. Point of error number one is overruled.

■ The second point of error challenges the sufficiency of the evidence. Appellant's point centers on the premises that since the State was unable to place the "All Bills Paid Affidavit" before the jury and no witness testified that they actually saw appellant sign the affidavit, then there is insufficient evidence of any deception or of intent to defraud or harm or that any pecuniary interest was affected.

■ As to the first contention, the statute does not require the deception to be in writing nor did the court's charge require it. As previously noted, Plunk testified that he recognized the *signature* of appellant on the affidavit and that he relied on the affidavit when he made the check to appellant's corporation. Further, it is a reasonable deduction from the evidence that Plunk may have relied on appellant's representation that "everything had been taken care of" at the closing. While the affidavit was not admitted into evidence, there was abundant testimony about what it contained, whose names were on it, and that it was relied upon. Even if this was inadmissible hearsay, it was admitted without objection and thus is treated the same as other evidence. *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986).

Next, as to the intent issue, knowledge and intent can be inferred from the appellant's conduct and the circumstances surrounding those acts. *Romo v. State*, 593 S.W.2d 690 (Tex.Crim.App.1980). Also, intent is a question of fact to be determined from all the facts and circumstances. *Hemphill v. State*, 505 S.W.2d 560 (Tex. Crim.App.1974). If the jury believed that appellant signed the affidavit without list-

ing the subcontractors as being unpaid, it is certainly a legitimate inference that he did so with the intent to defraud them.

The same is true concerning appellant's argument that there is no evidence to show that the three subcontractors had any pecuniary interest affected by appellant's deception. After reviewing the evidence in a light most favorable to the verdict, *Jackson v. State*, 672 S.W.2d 801 (Tex.Crim.App. 1984), it is sufficient to sustain the verdict. Point of error number two is overruled.

The final point of error alleges the trial court abused its discretion in assessing the maximum punishment. The general rule is, of course, that so long as a sentence is within the permissible limits it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex.Crim.App.1984). In the instant case, appellant seems to complain that the trial court was considering excessive restitution or considered improper statements in the pre-sentence report. However, appellant filed an amended motion for new trial accompanied by an extensive brief. The trial court noted that a hearing was held and overruled the motion. We will not superimpose our judgment on the trial court concerning the proper punishment. While the punishment maybe harsh, we are unwilling to deem it an abuse of discretion. This point of error is overruled. The judgment of the trial court is affirmed.

AFFIRMED.