**Ex parte Derrick Cash SMITH.**

**No. 07–92–0058–CR.**

Court of Appeals of Texas, Amarillo.

Sept. 30, 1992.

Rehearing Denied Oct. 29, 1992.

Wischkaemper & Martinez, Bill Wisch-kaemper, Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Asst. Dist. Atty., Lubbock, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

Asserting four points of error, appellant Derrick Cash Smith brings this appeal from the trial court's denial of his petition for writ of habeas corpus. Appellant stands indicted with the offense of possession of a counterfeit Texas driver's license, a violation of Texas Revised Civil Statutes article 6687b[1] § 44A (Vernon Supp.1992), a felony.

In four points, appellant asserts (1) he should have been prosecuted for violation of § 32A, a Class C misdemeanor; (2) he has a constitutional right to be prosecuted under the statute with the lesser penalty; (3) § 44A is unconstitutional as applied to appellant in his situation; (4) both sections are unconstitutional. We disagree with those contentions and affirm the judgment of the trial court.

The instant indictment alleges that appellant did "... intentionally and knowingly possess a counterfeit driver's license, with the intent to use said license ..." In material part, § 44A provides that any person "who shall possess or have in his possession with intent to use [said] ... counterfeit driver's license ..." commits a felony offense. Section 32A provides that an individual commits an offense "if the person sells, manufactures, or distributes any document that is deceptively similar to a ... driver's license," unless the document has the words "Not a Government Document" printed clearly on the front and back. As we noted above, violation of this statute is a Class C misdemeanor.

In argument under his first point, appellant characterizes § 44A as a broad and general statute applicable to all types of forged or counterfeit instruments, while § 32A is a special statute dealing specifically with documents deceptively similar to personal identification certificates or driver's licenses. Positing that the sections are in conflict, appellant claims the benefit of rule of *in para materia*.

---

**1.** Later references to section numbers are to those sections of Texas Revised Civil Statutes article 6687b (Vernon Supp.1992).

The *in para materia* rule is a principle of statutory interpretation whose purpose is to carry out the full legislative intent by giving effect to all laws and provisions bearing on the same subject. It proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. The rule applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. Thus, when the general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim.App.1988). *See also Breeding v. State*, 762 S.W.2d 737 (Tex.App.—Amarillo 1988, pet. ref'd).

The doctrine has been applied in both civil and criminal cases, and has been codified in the Texas Government Code § 311.026(a) & (b) (Vernon 1988).[2] However, it is equally well established that if two statutes do not deal with the same subject matter, persons or purpose, they are not *in para materia* and should each be construed in accordance with the plain wording of the particular statute. It follows that before the rule is applied, a threshold determination must be made whether the two statutes in question are indeed *in para materia*. *Cheney v. State*, 755 S.W.2d at 127.

Although §§ 32 and 44 cover similar subject matter, the two statutes have different purposes or objectives. *Breeding v. State*, 762 S.W.2d at 740; *Alejos v. State*, 555 S.W.2d 444, 450 (Tex.Crim.App.1977); *Willbur v. State*, 729 S.W.2d 359, 361 (Tex. App.—Beaumont 1987, no pet.). Both stat-utes punish the manufacturing, distribution, or possession of fake driver's licenses, yet each targets a different aspect of the criminal conduct, *i.e.*, § 32A the producers, 44A the users. *Breeding v. State*, 762 S.W.2d at 741. Both statutes are intended to punish possession, which, since the manufacturer would be in possession momentarily before the recipient takes possession, would cover the manufacturer as well as one trying to use the counterfeit license. However, § 44A covers a situation such as the one at bar where an individual has either purchased the counterfeit license from a third party, or where the individual manufactured the license himself, or is attempting to use the license to gain access to an establishment with an age requirement, or purchase an alcoholic beverage, or attains some other benefit which would not attach until the individual attained the age of 21 years.

Additionally, the two statutes protect different classes of people. *See Goldstein v. State*, 803 S.W.2d 777, 789–90 (Tex.App.—Dallas 1991, pet. ref'd). Section 32A protects the State's regulation and issuance of driver's licenses to qualified individuals, and assists the State in assuring that such licenses contain true and accurate information about the holder. Although § 32A indirectly protects the establishments that require the showing of a driver's license as a "prerequisite" to their services, § 44A more directly protects such establishments inasmuch as that section, and that section alone, addresses questions of possession with "intent to use."

Since our initial determination must be whether the statutes are in irreconcilable conflict with each other, we conclude they are not, since they have different purposes or objectives. That being the case, we conclude the rule of *in para materia* does not apply to the instant case. In that in-

---

2. The Code Construction Act § 311.026 provides:
   (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
   (b) If the conflict between the general provision and the special or local provision is irrec-oncilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.
   Tex.Gov't Code Ann. § 311.026(a), (b) (Vernon 1988).

stance, each statute will be construed separately and in accordance with its plain wording. *Cheney v. State*, 755 S.W.2d at 126–27.

 Additionally, even assuming, arguendo, the rule was applicable, we conclude that § 44A is the more definite of the two statutes as applied to a situation such as the instant one. While § 32A condemns the mere possession of a document such as the one in question, § 44A, insofar as the possession of such a document is concerned, adds the intent requirement, thereby narrowing the more general possession condemnation of 32A. Thus, the unlawful possession with intent to use proscribed by § 44A is more definite or specific than the mere possession proscribed by § 32A. That being true, even if the rule of *in para materia* were applicable, a holding we specifically do not make, its application would require the imposition of § 44A requirements. Appellant's first point is overruled.

In his second point, appellant insists he has a constitutional right to be prosecuted under § 32A, a misdemeanor offense, rather than the more serious felony provision of § 44A. However, this point was not raised before the trial court and may not be considered by us. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App. 1985).

In his third point, as we understand it, appellant maintains § 44A unconstitutionally violates due process if applied to his situation, because the disparity in penalties between that statute and § 32A is vague and arbitrary. The standard for determining whether a statute is unconstitutionally vague is whether people of common intelligence must guess at its meaning and would differ as to its application. *Passmore v. State*, 544 S.W.2d 399, 401 (Tex.Crim.App.1976); *see also Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (stating that a statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute.") Both sections under scrutiny are sufficiently clear to meet that standard. The assessment of different penalties for the two differing types of proscribed conduct is a matter within the peculiar province of the legislature, and, if they are sufficiently definite to meet constitutional tests as to vagueness, we must give deference to the legislative pronouncement. Appellant's third point is overruled.

In his fourth and final point, appellant argues that the two statutes are invalid because they prohibit the same conduct, yet impose different penalties. For reasons which we expressed above, the two statutes proscribe different conduct and have different purposes and objectives. Appellant's fourth point is overruled.

In summary, all of appellant's points are overruled and the judgment of the trial court is affirmed.