**Stephanie Dawn SMITH, Appellant,**

v.

**The STATE of Texas.**

**No. 2–92–093–CR.**

Court of Appeals of Texas,
Fort Worth.

June 23, 1993.

Rehearing Overruled July 28, 1993.

Publication Ordered July 28, 1993.

Robert Ford, Abe Factor, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Tanya S. Dohoney, Asst. Dist. Atty., Fort Worth, for State.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HICKS, Justice.

Appellant, Stephanie Dawn Smith, was convicted by a jury of the offense of driving while intoxicated. The court sentenced her to ninety days in jail, probated for one year and a $600.00 fine, $400.00 of which was probated for one year.

We reverse and remand.

In her sole point of error, appellant alleges the trial court erred in sustaining the State's challenge for cause to venireperson Ulrich. Prior to the beginning of voir dire, the State asked that venireperson Ulrich be excused from the jury based on a prior conviction for theft. The State offered into evidence an exhibit which contained the following:

1. A copy of the criminal docket sheet from Ulrich's conviction;
2. A copy of his probation order;
3. Two copies of the information pertaining to Ulrich;
4. One page of Ulrich's probation record;
5. A copy of the probation data sheet; and
6. A copy of Ulrich's probation discharge order.

■ This court has held that a juror who has completed probation, had his conviction set aside, or had the case dismissed is eligible to serve as a juror and it is error to excuse him for cause. *Day v. State*, 784 S.W.2d 955, 956 (Tex.App.—Fort Worth 1990, no pet.). The exhibit offered by the State and admitted into evidence clearly shows that venireperson Ulrich was qualified to serve as a juror. Appellant timely objected to the State's challenge for cause.

The State agrees that venireperson Ulrich was not disqualified to serve as a juror under TEX.CODE CRIM.PROC.ANN. art. 35.-16(a)(2), and 35.19 (Vernon 1989). Under these statutes, an individual may not serve as a juror if he or she is accused of theft or convicted of any felony. However, a prospective juror who has completed probation and been released from disabilities is free to serve and cannot be so excused from jury service. *Payton v. State*, 572 S.W.2d 677, 679 (Tex.Crim.App.1978); TEX.CODE CRIM.PROC.ANN. art. 42.12, § 23 (Vernon Supp.1993).

The trial court erred in granting the State's challenge for cause of venireperson Ulrich. We must now ask if harm attached to the action of the trial court in granting the State's challenge for cause.

■ The *Payton* case establishes the test for harm when the court erroneously excludes a prospective juror. *Payton*, 572 S.W.2d at 678–79. *Payton* holds that if the prospective juror is not subject to disqualification, and if an accused makes a timely objection to the striking of the juror, one must consider if the overall effect was to give the State an extra peremptory challenge based on the accused's viewpoint. *Id.* at 680.

■ In the case before us, the trial court's action in effect gave the State an extra challenge. A review of the jury list, State's strike list, and the defendant's strike list all show that the State used its maximum three peremptory strikes. From the appellant's viewpoint the State was then rewarded with an additional strike. This certainly indicates harm to the appellant.

We are further required to determine whether we can even consider certain documents.

The State contends that because the jury list, strike list, and the defendant's strike list were not admitted into evidence by the trial court, these documents are not properly before us. It makes this claim even though we granted appellant's motion to supplement the record. The State further complains of appellant's diligence in supplementation.

■ The State directs us to *Vargas v. State*, 838 S.W.2d 552, 553–54 (Tex.Crim.

App.1992). The Court of Criminal Appeals in this *Batson*-claim decision held that the jury information cards could not be used by an appellate court to evaluate a *Batson* claim because the juror information cards were never before the trial court. *Id.* at 556–57. However, the Court of Criminal Appeals has recently held in another *Batson*-claim case that juror information cards could be used by an appellate court in analyzing this claim. *Cornish v. State*, 848 S.W.2d 144, 145 (Tex.Crim.App.1993). In *Cornish*, there was an exchange between the trial judge and the defense counsel about the juror information cards. The trial judge stated "the cards will speak for themselves." *Id.* The court held that this was an indication that the trial court did rely on the cards in an evaluation of the *Batson* claim. The Court of Criminal Appeals also has held that evidence, not formally introduced, may be considered on appeal if the trial court or parties treated it as if admitted. *Heberling v. State*, 834 S.W.2d 350, 355–56 (Tex.Crim.App.1992). This was a case in which a man was convicted of delivery of cocaine. The court held that the State's exhibit (which happened to be the cocaine) was properly before the jury for purposes of guilt/innocence even though it had not been formally admitted. The court's reasoning was that the trial judge and parties referred to it and treated it as if it had actually been admitted into evidence. *Id.*

■ In the case before us, the following exchange took place between the trial judge and the defense counsel:

THE COURT: Let's go on the record. Mr. Factor [Defense Counsel], State of Texas, the Court has received the strike list from both the State and the Defense. The Court understands, Mr. Factor, you have a request you wish to make at this time.

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Please proceed.

[DEFENSE COUNSEL]: At this time, the defense would request one additional strike. Juror No. 11, Ron Ulrich, was excused over our objection. We have used our three peremptory challenges. We have, in fact, an unacceptable juror.... [W]e would request one additional strike.

THE COURT: It's denied.

From this exchange it is clear that the trial court reviewed both the State's strike list and the defendant's strike list. The defense moved for an additional strike that was denied by the court. Under the facts of this case, we hold that the jury list, the State's strike list, and the defendant's strike list are all properly before us. The trial court and parties treated these documents as if admitted. We hold that the error harmed appellant.

■ We must also consider Texas Rule of Appellate Procedure 81(b)(2). This rule states in relevant part:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Tex.R.App.P. 81(b)(2).

In the case before us, we cannot find beyond a reasonable doubt that the trial court's error in excluding venireperson Ulrich did not contribute to appellant's conviction. *Nichols v. State*, 754 S.W.2d 185, 193 (Tex.Crim.App.), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 808 (1988). In fact, it appears from our reading of the record that it did because the State received the benefit of an extra strike which was used to remove an individual from the jury who possibly, because of his own personal involvement in the criminal justice system, might tend to favor the defense. This, of course, is speculation in the true sense. But we cannot find that the error did not in some way contribute to appellant's conviction.

The judgment of the trial court is reversed and this cause remanded for a new trial.