**In the Interest of Amber Nicole GARCIA, a child.**

**No. 07–96–0304–CV.**

Court of Appeals of Texas, Amarillo.

April 15, 1997.

Paul Scott, Vernon, for appellant.

Jeffrey & Worsham, Daniel A. Worsham, Vernon, for appellee.

the arbitration agreement. Thus, we can take this assertion as true. Tex.R.App.P. 74(f).

Before QUINN and REAVIS, JJ., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Retired).

■ Standing to file an original parent-child relationship suit is generally granted to "a person who has had actual care, control, and possession of the child for not less than six months preceding the filing of the petition." Tex.Fam.Code Ann. § 102.003(9) (Vernon 1996). The question presented by this appeal is whether the trial court correctly dismissed with prejudice a suit filed by parties who did not have actual care, control, and possession of the child for six *consecutive* months preceding the filing of their petition. Answering affirmatively, we will affirm.

■ Ronald E. Slocum and wife, Debra Ann Slocum, petitioned for appointment as managing conservators of the child Amber Nicole Garcia, to whom they are not related. Their pleaded standing allegations were that they "have had substantial past contact with the child ... in that the child has resided with them for most of the past two years and ... currently resides with Petitioners." The natural father of the child, Adam Domingo Garcia, moved the trial court to dismiss the petition for the reason that the Slocums did not have, and had not pleaded any facts to show, standing or a justiciable interest to file the suit.

Evidence heard by the trial court revealed that in a two-year period preceding the filing of their petition on July 10, 1996, the Slocums had some type of care, control, and possession of the child, beginning when they became babysitters on weekends and progressing to intermittent periods when they had complete care, control, and possession of the child. The periods of time aggregated more than six months, but no period of time extended for at least six consecutive calendar months. When the Slocums filed their petition, they had been in possession of the child for approximately ten days.

Dismissing the Slocums' petition with prejudice, the trial court supported its judgment by findings of fact and conclusions of law. The controlling finding was that the Slocums "did not have the actual care, control, and possession of the child for at least six months preceding their filing of the petition," which led the court to the controlling conclusion that they did not have a justiciable interest or standing to file the petition. Implicit in the court's finding is that the Slocums did not have actual care, control and possession of the child for at least six *consecutive* calendar months preceding the filing of their petition so as to acquire standing under section 102.003(9).[1]

The current version of section 102.003, effective September 1, 1995, was a part of the recodification of statutes relating to parents and children and suits affecting the parent-child relationship, effective April 20, 1995. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 125, *amended by* Act of May 26, 1995, 74th Leg., R.S., ch. 751, § 8, 1995 Tex.Gen. Laws 3888, 3890–91. The recodification effected a repeal of Title 2 of the Texas Family Code,[2] which included the predecessor of section 102.003(9) specifying who could bring suit as "a person who has had actual possession and control of the child for at least six months immediately preceding the filing of the petition." Act of May 21, 1985, 69th Leg., R.S., ch. 802, § 1, 1985 Tex.Gen. Laws 2841, 2842 (codified as Tex.Fam.Code Ann. § 11.03(a)(8) (Vernon 1986) (repealed 1995)).

■ Before repeal of the predecessor statute, section 11.03(a)(8), it was construed as requiring the possession and control of the child for a period of at least six consecutive months immediately preceding the filing of suit, thereby rejecting the theory that an accumulation of six non-consecutive months over an unspecified period of time would meet the requirement. *Williams v. Anderson*, 850 S.W.2d 281, 284 (Tex.App.—Austin 1993, writ denied). Still, an involun-

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

1. All cited section numbers are those sections of the Texas Family Code.

2. Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 113, 282.

tary three-week interruption of a continuous six-year possession and control of the child before suit was filed was insufficient to destroy the party's justiciable interest in the child and standing under the statute. *T.W.E. v. K.M.E.*, 828 S.W.2d 806, 808 (Tex. App.—San Antonio 1992, no writ).

Absent any discovered legislative history, commentary, or judicial decision explicating why the word "immediately" appearing in the repealed section 11.03(a)(8) was deleted from the rephrasing of the same requirement in the current section 102.003(9), the parties differ as to the interpretation of the recodified statute's language. Indeed, even though the parties rely upon language used by the *Williams* and *T.W.E.* courts, their difference is diametrical.

The Slocums argue that if the legislature intended the statute to include only those consecutive periods of possession that would end on the filing date, it, consistent with the *Williams* decision, would not have removed the word "immediately," or it would have added language such as "not less than six consecutive months preceding." Therefore, in view of the removal of the word "immediately," and the literal and ordinary meaning of the remaining word "preceding" as including any time prior to the filing of the petition, the Slocums conclude that the non-consecutive months preceding the filing of suit should be considered when calculating the six month time period.

Garcia proposes that the deletion of the word "immediately" does not alter the *Williams* and *T.W.E.* decisions. Rather, he submits, the deletion was simply an effort to eliminate the argument that a brief gap between loss of possession and filing suit would deny standing to bring the action. We are in accord.

The *T.W.E.* decision instructs that the purpose of the statute is to create standing for those who have developed and maintained a relationship with a child over a period of time, the minimum of which, in the judgment of the legislature, is six months of actual possession preceding the filing of suit, the least time needed to develop a significant relationship, to insure that the relationship exists at the time suit is filed, and to prevent persons who do not have a current relationship with the child from disrupting its life and that of its family with stale claims. 828 S.W.2d at 808. To accept the Slocums' argument that any accumulation of six nonconsecutive months over an undetermined period of time before suit was filed, an argument rejected as irrational in *Williams v. Anderson*, 850 S.W.2d at 284, would undermine the purpose of the statute by sanctioning stale claims with their attendant harmful effects.

Moreover, in a statutory construction sense, a statute is presumed to have been enacted by the legislature with complete knowledge of existing law and with reference to it, *Acker v. Texas Water Com'n*, 790 S.W.2d 299, 301 (Tex.1990), and an omission in the enactment is presumed to be intentional. *Matter of Ament*, 890 S.W.2d 39, 41 (Tex.1994). At the time section 102.003(9) was enacted in substantially the same language, except for the word "immediately," as that of the repealed section 11.03(a)(8), the legislature was presumed to know that the *Williams* court had held the phrase "six months" meant six consecutive calendar months, and that the *T.W.E.* court had held a brief interruption of the possessory period immediately preceding the filing of a petition did not negate the standing to maintain the suit. It logically follows that the legislature deemed the holdings to express its intent and, upon recodification, tailored section 102.003(9) to embrace the holdings; otherwise, had the legislature intended that non-consecutive months of possession would suffice, or that possession be continuous at the moment the petition was filed, it would have been simple to so state.

Consequently, the trial court correctly dismissed the Slocums' suit with prejudice when they failed to evince they had actual care, control, and possession of the child for six consecutive months preceding the filing of their petition. Appellant's point of error is overruled.

The judgment is affirmed.