Noel Allen McLENDON, Jr., Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellee.

No. 10–97–367–CV

Court of Appeals of Texas,
Waco.

Dec. 31, 1998.

David R. Sweat, Sweat & Cochran, L.L.P., Arlington, for appellant.

John C. West, Jr., Chief of Legal Services, Valerie Fulmer, Senior Assistant General Counsel, Rebecca Blewett, Hearing Attorney, Tim Curry, Criminal District Attorney, Phyllis Cranz, Assistant District Attorney by Deputization, Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS and Justice VANCE.

## OPINION

REX D. DAVIS, Chief Justice.

Noel Allen McLendon, Jr. appeals the determination of the court below that he is ineligible for a concealed handgun license because he pleaded guilty to a felony offense and was placed on probation, even though he was subsequently discharged from the probation and the charges were dismissed. McLendon asserts in two points: (1) his prior felony probation does not disqualify him from receiving a handgun license because that charge was dismissed; and (2) the Department of Public Safety ("DPS") failed to prove by a preponderance of evidence that he was previously convicted of a felony.

## FACTUAL BACKGROUND

A person named Noel Allen McLendon, Jr. pleaded guilty to a felony theft charge in Taylor County in 1969. The Taylor County district court placed the defendant on felony probation for a period of five years. On the defendant's motion, the court set aside the conviction and dismissed the indictment in 1974 pursuant to the provisions of the probation statute then in effect. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 42.12, § 7, 1965 Tex. Gen. Laws 317, 492 (amended 1983) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 20 (Vernon Supp.1999)) (hereinafter, "TEX.CODE CRIM. PROC. ANN. art. 42.12, § 7").[1]

---

1. This statute has been amended four times since 1974. These amendments have continued the former law in effect for persons sentenced under the former law or sentenced for offenses committed prior to the effective date of the amendments. *See* Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 28(c), 1983 Tex. Gen. Laws 1568, 1607; Act of May 23, 1989, 71st Leg., R.S., ch. 679, § 4(b), 1989 Tex. Gen. Laws 3166, 3167; Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 9.01, 1989 Tex. Gen. Laws 3471, 3557; Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.02(a), 1993 Tex. Gen. Laws 3586, 3742. Thus, unless otherwise indi-

On October 24, 1996, DPS denied McLendon's application for a handgun license. DPS denied the application because it determined he is the same person who had pleaded guilty to the felony offense discussed above. McLendon appealed the denial before a justice of the peace who determined the prior felony probation does not disqualify him from receiving a handgun license. DPS appealed to the county court at law which affirmed DPS's original determination that McLendon is not qualified for a license.

### ARTICLE 4413(29ee)

The former article 4413(29ee) governs McLendon's application. *See* Act of May 16, 1995, 74th Leg., R.S., ch. 229, § 1, 1995 Tex. Gen. Laws 1998, 1998–2013 (repealed 1997) (current version at TEX. GOV'T CODE ANN. §§ 411.171–411.208 (Vernon 1998)) (hereinafter "TEX.REV.CIV. STAT. ANN. art. 4413(29ee)").[2] Under the terms of section 2(a)(3) of article 4413(29ee), a person is not eligible for a handgun license if he has been convicted of a felony. TEX.REV.CIV. STAT. ANN. art. 4413(29ee), § 2(a)(3). Article 4413(29ee) defines the term "convicted" as follows:

> "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not:
>
> (A) the imposition of the sentence is subsequently probated and the person is discharged from community supervision; or
>
> (B) the person is pardoned for the offense, unless the pardon is expressly granted for subsequent proof of innocence.

TEX.REV.CIV. STAT. ANN. art. 4413(29ee), § 1(4).

### JURISDICTION

Neither party questions our jurisdiction over this case. Nevertheless, we must always examine our jurisdiction, even if *sua sponte. Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.—Dallas 1994, writ denied). The Texas Constitution gives this Court jurisdiction over "all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. In two statutes, the Legislature has provided that the jurisdiction of the intermediate appellate courts in civil cases is limited to causes where the amount in controversy exceeds $100. TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997); TEX. GOV'T CODE ANN. § 22.220(a) (Vernon 1988).

The Fort Worth Court of Appeals has determined that appellate courts have jurisdiction over handgun license appeals under the general jurisdiction of article V, section 6 because the Legislature has imposed "no restrictions or regulations on [such appeals]." *Texas Dep't of Pub. Safety v. Tune,* 977 S.W.2d 650, 652 (Tex.App.—Fort Worth 1998, pet. dism'd w.o.j.) (op. on reh'g). The San Antonio Court of Appeals has reached the opposite conclusion. *See Texas Dep't of Pub. Safety v. Levinson,* 981 S.W.2d 5, 8 (Tex.App.—San Antonio, 1998, pet. filed). In *Levinson,* the court determined that the statutes cited above apply to all civil appeals which "arise from the county courts acting in their appellate capacity." *Id.* Because the parties represented to the court that no amount in controversy existed in their case, the court concluded it had no jurisdiction to consider that handgun license appeal. *Id.,* at 6–8.

Even if the San Antonio court is correct in its assertion that the limiting statutory provisions cited above apply in handgun license cases, we conclude that the amount in controversy requirement is satisfied in this case. The Supreme Court has defined the amount in controversy to include "the sum of money or the value of the thing originally sued for."

---

cated we will cite the provisions in effect at the time of the felony probation in question.

**2.** McLendon filed his application with DPS in 1996. The provisions of the current concealed handgun law found in the Government Code do not apply to his case because the current statute applies only to applications filed on or after September 1, 1997. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1261, § 33(a), 1997 Tex. Gen. Laws 4766, 4779.

*Gulf, Col. & Santa Fe Ry. v. Cunnigan,* 95 Tex. 439, 441, 67 S.W. 888, 890 (1902); *accord Printing Ctr. of Tex., Inc. v. Supermind Pub. Co.,* 669 S.W.2d 779, 785 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Williams v. Le Garage De La Paix, Inc.,* 562 S.W.2d 534, 535 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). Under DPS regulations, a license applicant must tender a $140 nonrefundable fee with his application. 37 TEX. ADMIN. CODE § 6.15(8) (1997). Thus, the value of a license exceeds $100, and we have jurisdiction over this appeal.

## SUFFICIENCY OF EVIDENCE

Before we construe the pertinent provisions of article 4413(29ee), we will address McLendon's second point which challenges the sufficiency of the evidence to establish that he was previously convicted of a felony. He argues that the proof is lacking because DPS failed to offer a properly authenticated judgment in evidence and failed to prove that he is the same person whose guilty plea is reflected by the documents offered in evidence by DPS.

■ When DPS appealed the justice court's determination that McLendon is eligible for a license, it had the burden to prove by a preponderance of evidence that McLendon is not qualified for a handgun license (*i.e.,* that he has been previously convicted of a felony). *See* TEX.REV.CIV. STAT. ANN. art. 4413(29ee), § 7(c), (e). At the hearing, DPS offered a certified copy of what appears to be an abstract of judgment which reflects that a person with McLendon's name pleaded guilty to felony theft and was placed on five years' probation. This document is not signed by the judge of the convicting court, nor does it have a line for the judge's signature. However, the document is properly self-authenticated by the certification of the District Clerk of Taylor County. *See* TEX.R. CIV.

3. We cite the rules of evidence in effect at the time of the hearing in the court below. Nevertheless, the current rules have identical self-authentication provisions. *See* TEX.R. EVID. 902(1), (4).

4. McLendon failed to challenge the sufficiency of the evidence before the court below under any of

EVID. 902(1), (4), 46 Tex. B.J. 212–13 (Tex. 1982, amended 1998).[3] McLendon objected to the document on the basis that it does not meet the requirements of a judgment in that it does not contain the judge's signature. *See* TEX.CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp.1999).

### PROOF OF IDENTITY

McLendon argues that DPS offered no evidence that he is the person who pleaded guilty in the Taylor County case. Assuming without deciding that McLendon has properly preserved this issue for our review, we note the following excerpts contained in the record.[4] In McLendon's written pleading responsive to DPS's petition, he states, "[T]his record does not reflect that the respondent in this matter had an attorney to represent him in said felony cause[,]" and "The respondent takes the position that when the new trial is granted he was not convicted of any offense."

The reporter's record reflects the following comments of McLendon's counsel: "no place on that document is it reflected that my client even had an attorney at that particular proceeding"; "My client was granted a Motion for New Trial.... He has suffered no conviction"; "Whatever may have happened to him in Taylor County has been set aside by the Court's granting of a Motion for New Trial."

■ Factual allegations set forth in a party's live pleadings are considered judicial admissions. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 769 (Tex.1983); *Huff v. Harrell,* 941 S.W.2d 230, 235 (Tex.App.—Corpus Christi 1996, writ denied). Moreover, statements of counsel in a hearing can constitute judicial admissions. *See Carroll Instr. Co. v. B.W.B. Controls, Inc.,* 677 S.W.2d 654, 659 (Tex.App.—Houston [1st Dist.] 1984, no writ) (counsel's statement constituted judicial admission); *see also Int'l*

the methods traditionally required as a prerequisite to asserting a sufficiency challenge on appeal. *See Crow v. Burnett,* 951 S.W.2d 894, 899 (Tex.App.—Waco 1997, pet. denied). However, DPS does not argue that McLendon failed to preserve this issue.

*Piping Sys., Ltd. v. M.M. White & Assocs., Inc.,* 831 S.W.2d 444, 449 (Tex.App.—Houston [14th Dist.] 1992, writ denied) (party may not challenge sufficiency of evidence on issue which counsel informed the jury was not disputed). Judicial admissions conclusively establish the facts stated and thus relieve the opposing party of the necessity of proving the admitted facts. *Chilton Ins. Co. v. Pate & Pate Enters., Inc.,* 930 S.W.2d 877, 884 (Tex.App.—San Antonio 1996, writ denied).

■ At the hearing, McLendon took the position that: (1) DPS did not offer a copy of the "judgment" reflecting his guilty plea in Taylor County (which we next address); (2) the records offered by DPS do not reflect that he had counsel representing him in the Taylor County proceedings; and (3) the Taylor County court's order setting aside his conviction and dismissing the indictment operated to set aside his conviction for purposes of the handgun statute. McLendon's pleadings and counsel's comments constitute judicial admissions that he is the same person placed on probation in Taylor County. *See Musick,* 650 S.W.2d at 769; *Carroll Instr.,* 677 S.W.2d at 659. Accordingly, we reject his challenge to the sufficiency of the evidence to prove identity.

### PROOF OF JUDGMENT

■ Section 7(h) of article 4413(29ee) provides that DPS "is specifically authorized to utilize and to introduce into evidence certified copies of governmental records to establish the existence of certain events which could result in the denial, revocation, or suspension of a license under this article, including but not limited to records regarding convictions." TEX.REV.CIV. STAT. ANN. art. 4413(29ee), § 7(h). Moreover, in proving up a prior conviction beyond a reasonable doubt in a criminal prosecution, the State can satisfy this burden even without a copy of a signed judgment if the State offers properly authenticated documents which reflect that the accused was convicted as alleged and the accused does not offer rebuttal evidence that he was not so convicted. *See Jones v. State,* 449 S.W.2d 277, 278–79 (Tex.Crim.App.1970) (prison records contained sentence but no judgment); *Mitchell v. State,* 848 S.W.2d 917,

918–19 (Tex.App.—Texarkana 1993, pet. ref'd) (abstract of judgment); *Tucker v. State,* 751 S.W.2d 919, 925–26 (Tex.App.—Fort Worth 1988, pet. ref'd) (op. on reh'g) (Georgia judgment which did not comply with requirements for Texas judgment).

McLendon does not contend that no judgment was entered in the case at issue. Rather, he claims DPS failed to prove a judgment was entered. The Court of Criminal Appeals was presented with an identical argument in *Jones* and summarily rejected it. *See Jones,* 449 S.W.2d at 278. We do likewise.

DPS offered an abstract of judgment which reflects that McLendon pleaded guilty to a felony offense; that he was placed on probation for the offense; and that he was subsequently discharged from that probation. Moreover, his pleadings and counsel's comments judicially admitted these facts. Thus, we conclude the evidence is sufficient to prove by a preponderance of evidence that McLendon served a prior felony probation as indicated in the documents admitted in evidence. *See Jones,* 449 S.W.2d at 278–79; *Mitchell,* 848 S.W.2d at 918–19; *Tucker,* 751 S.W.2d at 925–26. Accordingly, we overrule McLendon's second point.

### DISCHARGE FROM PROBATION

#### DPS v. TUNE

In *Tune,* the Fort Worth court determined that an applicant was ineligible for a handgun license because of a prior felony probation which had been set aside and dismissed after the applicant had successfully completed his probation. *Tune,* 977 S.W.2d at 653. The court reached this result for two reasons: (1) its reading of the "plain meaning" of the statute; and (2) its prior opinion in *R.R.E. v. Glenn* that article 42.12, section 7 does not fully restore the rights of a convicted felon. 884 S.W.2d 189, 193 (Tex.App.—Fort Worth 1994, writ denied).

#### PLAIN LANGUAGE

■ We agree with *Tune's* reading of the plain language of the statute. Article 4413(29ee) provides that a person has been convicted regardless of whether imposition of sentence was suspended and the person was

discharged from probation. TEX.REV.CIV. STAT. ANN. art. 4413(29ee), § 1(4)(A). The parties do not dispute that McLendon was discharged from his probation. Rather they dispute the effect of the Taylor County district court's subsequent action in setting aside his conviction and dismissing the underlying indictment.

Article 42.12, section 7 provides that when a court has set aside a verdict and dismissed the indictment, the accused is thereafter "released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 7. The question is whether this "clemency provision" controls over the provisions of article 4413(29ee), section 1(4). *See Ex parte Giles,* 502 S.W.2d 774, 785 (Tex. Crim.App.1973) (article 42.12, section 7 "enacted pursuant to the limited grant of authority of clemency to the courts encompassed in Article IV, Sec. 11A of the [Texas] Constitution").

### ARTICLE 42.12, SECTION 7

The Fort Worth court essentially determined in *Glenn* that the clemency provision of article 42.12, section 7 is unconstitutional without declaring it so. *See Glenn,* 884 S.W.2d at 193 (noting that the Court of Criminal Appeals had held a similar statute unconstitutional in *Snodgrass v. State,* 67 Tex. Crim. 615, 150 S.W. 162, 167 (1912)). The *Glenn* court, however, failed to mention that in 1913 the Court of Criminal Appeals affirmed the constitutionality of a modified version of the same statute. *See Baker v. State,* 70 Tex.Crim. 618, 158 S.W. 998, 1003 (1913). Nor did the court reference *Giles,* in which the Court of Criminal Appeals observed that article 42.12, section 7 "was enacted pursuant to the limited grant of authority of clemency

to the courts encompassed in Article IV, Sec. 11A of the [Texas] Constitution." 502 S.W.2d at 785. Article IV, section 11A provides:

> The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe.

TEX. CONST. art. IV, § 11A.

This Court has expressly disagreed with the reasoning of *Glenn. See Hoffman v. State,* 922 S.W.2d 663, 669 (Tex.App.—Waco 1996, pet. ref'd). We stated in *Hoffman:*

> The facts that the district court (1) possesses the authority to dismiss the criminal charges against and (2) retains jurisdiction over a criminal defendant throughout the duration of his term of his probation or community supervision demonstrate that the district court does not exceed its constitutional and statutory powers when it dismisses the criminal charges against a defendant upon the successful completion of his probation or community supervision. We find this authority granted to the district court by article 42.12, section 20,[5] differs from the constitutional authority of the executive branch to pardon a criminal defendant *after conviction.* Therefore, we disagree with the Fort Worth Court in *Glenn* that article 42.12, section 20, attempts to grant to the judiciary and the legislature greater authority than the Texas Constitution allows.

*Id.*

We continue to disagree with *Glenn,* and thus we disagree in part with the reasoning of *Tune.*[6] Accordingly, we must construe arti-

---

5. Article 42.12, section 20 is the current version of article 42.12, section 7.

6. The Supreme Court ordered the transfer of this cause from the Fort Worth Court of Appeals to this Court under the Supreme Court's plan for docket equalization. *See* TEX. GOV'T CODE ANN § 73.001 (Vernon 1988); *American Nat'l Ins. Co. v. IBM,* 933 S.W.2d 685, 692 (Tex.App.—San Antonio 1996, writ denied) (Duncan, J., concurring and dissenting). If the Supreme Court had

not transferred this cause, the Fort Worth court presumably would have decided this case on the basis of its decision in *Tune.* However, we disagree with the reasoning of *Tune* and will decline to follow it notwithstanding the transfer status of this cause. Our disagreement with *Tune* creates what at least one appellate jurist has described as "a conflict of laws issue." *American Nat'l Ins.,* 933 S.W.2d at 690 (Duncan, J., concurring and dissenting). We agree with the statement of

cle 42.12, section 7 and article 4413(29ee), section 1(4) to determine which controls in this instance.

## IN PARI MATERIA

█ Because the pertinent provisions of both statutes address a similar subject matter, they are *in pari materia* and must be construed together. *See Ex parte Smith,* 849 S.W.2d 832, 834 (Tex.App.—Amarillo 1992, no pet.); *GMC Superior Trucks, Inc. v. Irving Bank & Trust Co.,* 463 S.W.2d 274, 276 (Tex.Civ.App.—Waco 1971, no writ); TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998).

> The *in para materia* rule is a principle of statutory interpretation whose purpose is to carry out the full legislative intent by giving effect to all laws and provisions bearing on the same subject. It proceeds on the supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. The rule applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way.

*Smith,* 849 S.W.2d at 834. When statutes are *in pari materia* and a general provision conflicts with a more specific provision, "the general provision is controlled or limited by the special provision." *GMC Superior Trucks,* 463 S.W.2d at 276; *accord City of Dallas v. Mitchell,* 870 S.W.2d 21, 23 (Tex. 1994); *State v. Mancuso,* 919 S.W.2d 86, 88 (Tex.Crim.App.1996); TEX. GOV'T CODE ANN. § 311.026(b).

## SIMILAR LAWS

█ We may also consider other laws covering "the same or similar subjects" when construing a particular provision. TEX. GOV'T CODE ANN. § 311.023(4) (Vernon 1998).

> All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. [Statutes] are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts.

*State ex rel. White v. Bradley,* 956 S.W.2d 725, 740 (Tex.App.—Fort Worth 1997, writ granted) (quoting *McBride v. Clayton,* 140 Tex. 71, 76–77, 166 S.W.2d 125, 128 (1942)); *accord Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301 (Tex.1990); *In re Garcia,* 944 S.W.2d 725, 727 (Tex.App.—Amarillo 1997, no writ). Any omissions in an enactment are presumed intentional. *In re Ament,* 890 S.W.2d 39, 41 (Tex.1994); *Garcia,* 944 S.W.2d at 727. Bearing all of these considerations in mind, we examine the pertinent statutory provisions.

the majority in *American Nat'l Insurance Co.* set forth below and will follow it in transfer cases.

> The theory of our law is that the State of Texas has but one law on any given subject, and that the law is as proclaimed by the courts of appeals and finally, in civil cases, by the Texas Supreme Court.

> This theory acknowledges that there may be differences of opinion among the courts of appeals as to what that law is. The remedy for such conflicts or errors is an appeal to the Texas Supreme Court.

> Conflicts of law rules make sense when applied to separate sovereigns, whether nations or sovereign states, because in those instances there really can be conflicts in the law from one sovereign state or nation to the other. Where, however, there is only one sovereign, a court of appeals' duty is to decide and apply the law of that sovereign, not to ascertain the law as stated in a given district, whether its own or the district from which a case has been transferred. The State of Texas consists of only one sovereign state, not fourteen.

> We acknowledge that there can be problems caused by the fact that Texas is such a large and diverse state, that we have fourteen courts of appeals districts, and that cases are transferred from one of those districts to other districts where the justices' views of what the law of Texas is may differ from the justices of the court from which the case arose. We believe, however, that the answer to those difficulties lies in an appeal to the Texas Supreme Court, in civil cases, or to the Texas Court of Criminal Appeals, in criminal cases, rather than in an effort on our part to be parochial in our application of the law to the facts presented us.

*American Nat'l Ins.,* 933 S.W.2d at 688 (citation omitted).

### APPLICATION

#### 1. In Pari Materia

Article 4413(29ee) provides in general terms that a person who has served a felony probation is not eligible for a handgun license regardless of whether he was discharged from the probation. However, the statute does not address the situation where a defendant has been discharged from probation, his conviction has been set aside, and the indictment dismissed under article 42.12, section 7. The courts have construed this specific provision in article 42.12, section 7 to mean that once the conviction has been set aside and the charges dismissed, the accused "is released from the disabilities attendant upon conviction." *Day v. State*, 784 S.W.2d 955, 956 (Tex.App.—Fort Worth 1990, no pet.); *accord Wolfe v. State*, 917 S.W.2d 270, 277 (Tex.Crim.App.1996); *Payton v. State*, 572 S.W.2d 677, 678–79 (Tex.Crim.App.1978) (op. on reh'g); *Hoffman*, 922 S.W.2d at 668–69; *Smith v. State*, 859 S.W.2d 463, 464 (Tex. App.—Fort Worth 1993, pet. ref'd); *contra Tune*, 977 S.W.2d at 653; *Glenn*, 884 S.W.2d at 193.

Having considered the broad definitional provision of article 4413(29ee), section 1(4) and the more specific clemency provision of article 42.12, section 7, the *in pari materia* rule suggests that the latter controls over the former. *See Mitchell*, 870 S.W.2d at 23; *Mancuso*, 919 S.W.2d at 88; *GMC Superior Trucks*, 463 S.W.2d at 276; TEX. GOV'T CODE ANN. § 311.026(b). This conclusion finds further support when we examine other statutory provisions addressing the "same or similar subjects." TEX. GOV'T CODE ANN. § 311.023(4).

#### 2. Similar Laws

Our research has revealed two statutory provisions in which the Legislature has enacted a specific definition of the term "conviction" which addresses the clemency provisions of the current article 42.12 (article 42.12, sections 5(c) and 20).[7] In addition,

these clemency provisions contain their own exceptions.

Section 17(c) of article 4512j of the Revised Civil Statutes (an act establishing the State Board of Examiners for Speech–Language Pathology and Audiology) permits the Board to suspend, revoke, or decline to issue a license issued under the act when a licensee has been convicted of a felony or other crime involving moral turpitude. TEX.REV. CIV. STAT. ANN. art. 4512j, § 17(c) (Vernon Supp.1999). The statute provides that the Board may take such action even though "an order granting probation is made suspending the imposition of sentence irrespective of a subsequent order allowing a person to withdraw his or her plea of guilty, or setting aside the verdict of guilty, or dismissing the information or indictment." *Id.* The Legislature enacted this provision in 1983. *See* Act of May 28, 1983, 68th Leg., R.S., ch. 381, § 17(c), 1983 Tex. Gen. Laws 2072, 2087.

Section 406.009 of the Government Code permits the Secretary of State to reject a notary public application or suspend or revoke a notary public's commission for good cause, including conviction of a crime involving moral turpitude or the violation of a law regulating the conduct of notaries public. TEX. GOV'T CODE ANN. § 406.009(a), (d)(1), (4) (Vernon 1998). The statute further provides:

> The dismissal and discharge of proceedings under either the misdemeanor adult probation and supervision law or the adult probation, parole, and mandatory supervision law shall not be considered a conviction for the purposes of determining good cause.

*Id.* § 406.009(e). The Legislature enacted section 406.009(e) in 1995, the same session in which it adopted article 4413(29ee). *See* Act of May 24, 1995, 74th Leg., R.S., ch. 719, § 6, 1995 Tex. Gen. Laws 3807, 3808 (act adopting section 406.009(e)); Act of May 16, 1995, 74th Leg., R.S., ch. 229, 1995 Tex. Gen. Laws 1998 (act adopting article 4413(29ee)).

---

7. Article 42.12, section 5(c) is the clemency provision for deferred adjudication community supervision cases. It provides similarly to article 42.12, section 20 that "a dismissal and discharge under this section may not be deemed a convic-tion for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (Vernon Supp.1999).

In addition to these statutes in which the Legislature has made specific reference to the clemency provisions of article 42.12, these clemency provisions themselves contain several exceptions. The 75th Legislature created a mandatory life sentence for sex offenders previously convicted of a sex crime. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 665, § 1, 1997 Tex. Gen. Laws 2247, 2247–48 (codified at TEX. PEN.CODE ANN. § 12.42(c)(2) (Vernon Supp.1999)). The Legislature adopted a specific definition of the term "previously convicted" for purposes of section 12.42(c)(2). That definition provides:

> a defendant has been previously convicted of an offense listed under Subsection (d)(2)(B) if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.

TEX. PEN.CODE ANN. § 12.42(g)(1) (Vernon Supp.1999).

At the same time the 75th Legislature amended the clemency provision of the deferred adjudication statute. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 1, 1997 Tex. Gen. Laws 2250, 2250–51 (codified at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c)

(Vernon Supp.1999)). As amended, article 42.12, section 5(c) provides in pertinent part, "Except as provided by Section 12.42(g), Penal Code, a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c).

■■■ The 75th Legislature's amendment of article 42.12, section 5(c) is particularly compelling because of the fact that the phrase "discharged from community supervision" employed in section 12.42(g) of the Penal Code is identical to the phraseology of article 4413(29ee), section 1(4). The Legislature's amendment of the deferred adjudication clemency provision strongly suggests its recognition that the "discharged from community supervision" phraseology does not account for the clemency provisions of article 42.12.[8]

The deferred adjudication clemency provision contains other exceptions as well:

(1) upon subsequent conviction, the fact that the defendant previously served an unadjudicated community supervision is admissible in the punishment phase of trial;

(2) the Department of Human Services ("DHS") may consider a prior unadju-

---

8. We note that the Texas Senate debated the application of the deferred adjudication clemency provision to the concealed handgun law during the 75th Legislative Session. Senator Patterson proposed an amendment to article 4413(29ee), section 1(4) to redefine the term "convicted." Under his amendment, the term would not include "an adjudication of guilt or an order of deferred adjudication which has been subsequently: (A) set aside or expunged, or (B) pardoned under the authority of a state or federal official." S.J. OF TEX., 75th Leg., R.S. 3327 (1997). During the debate on the proposed amendment, Senator West questioned Patterson on whether the term "set aside" would include deferred adjudications set aside pursuant to the clemency provision of article 42.12, section 5(c). Audio tape of Debate on Tex. H.B. 2909 on the Floor of the Senate, 75th Leg., R.S., Tape 4 (May 27, 1997) (copy available from Senate Staff Services Office). Senator Patterson withdrew his amendment and offered a substitute without the term "set aside" which the Legislature adopted. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 1261, § 1, 1997 Tex. Gen. Laws 4766, 4766–67.

Although this discussion suggests the Legislature did not intend for persons granted clemency under article 42.12 to qualify for handgun licenses, we must construe the language actually used by the Legislature "in connection and in harmony with the existing law." *State ex rel White v. Bradley*, 956 S.W.2d 725, 740 (Tex.App.—Fort Worth 1997, writ granted) (quoting *McBride v. Clayton*, 140 Tex. 71, 76–77, 166 S.W.2d 125, 128 (1942)). Thus, the language employed by the Legislature necessarily controls in this instance. *See Gilmore v. Waples*, 108 Tex. 167, 171, 188 S.W. 1037, 1039 (1916) (In construing a statute, "the intent which is finally arrived at must be an intent consistent with, and fairly expressed by, the words of the statute themselves."); *accord Citizens Nat'l Bank v. Calvert*, 527 S.W.2d 175, 180 (Tex.1975); *see also Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 520, 112 S.Ct. 2608, 2619, 120 L.Ed.2d 407 (1992) ("[T]he views of a subsequent [legislature] form a hazardous basis for inferring the intent of an earlier one.").

dicated community supervision in issuing, renewing, denying, or revoking a license under Chapter 42 of the Human Resources Code; and

(3) the Interagency Council on Sex Offender Treatment may consider a prior unadjudicated community supervision in issuing, renewing, denying, or revoking a license or registration issued by that council.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c).

In a similar fashion, the clemency provision of article 42.12, section 20 contains several exceptions:

(1) proof of a prior probation or community supervision shall be made known in the event of a subsequent conviction;

(2) DHS may consider a prior probation or community supervision in issuing, renewing, denying, or revoking a license under Chapter 42 of the Human Resources Code; and

(3) a defendant may not take advantage of this clemency provision if he is convicted of an intoxication-related offense or a state jail felony.

*Id.* art. 42.12, § 20.[9]

The Legislature has enacted two separate statutes which make express references to the clemency provisions of article 42.12. In addition, these clemency provisions contain their own exceptions as listed above. Conversely, article 4413(29ee), section 1(4) fails to reference these provisions. We must presume the Legislature intentionally omitted any reference to these clemency provisions. *See Ament,* 890 S.W.2d at 41; *Garcia,* 944 S.W.2d at 727. Thus, in construing article 4413(29ee), section 1(4) "in harmony with the existing law," we conclude the Legislature's omission of any reference to the clemency provisions of article 42.12 means that persons discharged under these clemency provisions are not considered to have prior convictions for purposes of article 4413(29ee).

### 3. Summary

■ The clemency provision of article 42.12, section 7 has been recognized by this Court and others as a constitutional enactment which removes any legal disabilities associated with a felony conviction, except as otherwise provided by law. Under the *in pari materia* rule, this specific provision controls over the broad statutory definition of the term "convicted" found in article 4413(29ee), section 1(4). Moreover, because the Legislature has made express reference to the clemency provisions of article 42.12 in other statutes and did not do so in article 4413(29ee), we must presume from this omission that persons discharged under article 42.12, section 7 are not considered to have prior convictions for purposes of article 4413(29ee).[10]

---

9. We express no opinion on the effect of the omission from article 42.12, section 20 of any reference to section 12.42(g) of the Penal Code. *Cf.* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (Vernon Supp.1999) (clemency provision of unadjudicated community supervision statute does not apply to section 12.42(g)).

10. The clemency provisions of article 42.12 have existed in Texas in some form for 85 years. *See Baker v. State,* 70 Tex.Crim. 618, 158, S.W. 998, 1003 (1913) (affirming the constitutionality of the clemency provision of the 1913 probation statute). As evidenced by the dissent however, these provisions of late have created disagreement among the appellate courts of this State and sometimes of individual justices or panels of these courts attempting to construe these provisions together with other statutes. *See and compare Wolfe v. State,* 917 S.W.2d 270, 277 (Tex. Crim.App.1996), *Payton v. State,* 572 S.W.2d 677, 678–79 (Tex.Crim.App.1978) (op. on reh'g), *Hoffman v. State,* 922 S.W.2d 663, 668–69 (Tex. App.—Waco 1996, pet. ref'd), *Smith v. State,* 859

S.W.2d 463, 464 (Tex.App.—Fort Worth 1993, pet. ref'd), *and Day v. State,* 784 S.W.2d 955, 956 (Tex.App.—Fort Worth 1990, no pet.) (all holding that petit juror whose felony indictment has been dismissed under these provisions is eligible to serve as a juror), *with R.R.E. v. Glenn,* 884 S.W.2d 189, 193 (Tex.App.—Fort Worth 1994, writ denied) (holding to the contrary); *see also Texas Dep't of Pub. Safety v. Tune,* 977 S.W.2d 650, 653 (Tex.App.—Fort Worth 1998, pet. dism'd w.o.j.) (op. on reh'g) (holding such a person is not eligible for a concealed handgun license).

The Legislature has adopted numerous specific exceptions to the application of the clemency provisions of article 42.12 in recent years. The Legislature has also provided for deferred adjudication community supervision which allows an accused to plead guilty and receive community supervision without being "convicted" (*i.e.,* found guilty). In light of these developments, perhaps the clemency provisions are no longer necessary or viable. Regardless, this decision

## CONCLUSION

DPS sustained its burden of proving by a preponderance of evidence that McLendon previously pleaded guilty to a felony offense, was placed on probation, and was discharged from that probation. DPS's evidence also reveals that after discharge, the convicting court set aside McLendon's conviction and dismissed the underlying indictment pursuant to the clemency provision found in article 42.12, section 7.

We have determined that this clemency provision controls over the definition of the term "convicted" found in article 4413(29ee), section 1(4). As a result, McLendon has not been previously convicted of a felony under the terms of article 4413(29ee). Because he does not have a prior felony conviction as that term is defined by article 4413(29ee), he is eligible for a concealed handgun license.

Accordingly, we reverse the judgment and render judgment that McLendon is not disqualified from obtaining a license to carry a concealed handgun because of his prior felony conviction which was set aside and dismissed.

Justice VANCE dissenting.

VANCE, Justice, dissenting.

When a statute is clear and unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but should give the statute its common meaning. *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 133 (Tex.1994). The Supreme Court tells us:

> It is a well-established principle of Texas law that when a statute is clear and unambiguous, and reasonably admits of only one construction, the courts will take the legislative intent from the words of the statute and apply that intent as written. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983); *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974). When the statute's meaning is plain, this court will not explore its legislative history to contradict its express terms. *Railroad Commission v. Miller*, 434 S.W.2d 670, 672 (Tex.1968);

*City of Port Arthur v. Tillman*, 398 S.W.2d 750, 752 (Tex.1965).

*Stauffer v. Henderson*, 801 S.W.2d 858, 868 (Tex.1990).

The language of the concealed handgun licensing statute is clear and unambiguous, in part because the term "convicted" is defined. The statute says:

> *In this subchapter:*
>
> . . .
>
> (4) "Convicted" means an adjudication of guilt or an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not:
>
> (A) the imposition of the sentence is subsequently probated and the person is discharged from community supervision; or
>
> (B) the person is pardoned for the offense, unless the pardon is expressly granted for subsequent proof of innocence.

TEX. GOV'T CODE ANN. § 411.171 (Vernon 1998) (emphasis added). Thus, a person has been "convicted" for purposes of the licensing statute if he has been adjudicated guilty, even though he is placed on community supervision and later discharged.

The statute also provides:

> (a) A person is eligible for a license to carry a concealed handgun if the person:
>
> . . .
>
> (3) has not been *convicted* of a felony;. . . .

*Id.* § 411.172 (Vernon 1998) (emphasis added). Thus, to be eligible for a license, a person must not have been adjudicated guilty of a felony, even though he was placed on community supervision and later discharged.

McLendon was adjudicated guilty of the offense of felony theft on October 6, 1969, and was placed on probation for five years. When he was discharged from probation in 1974, he was granted a new trial and the cause was dismissed. McLendon is ineligible for a concealed handgun license. In my view

must be made by the Legislature. Thus, we call upon the Legislature to either repeal these provi-

sions or clarify them so their application is clear and unambiguous in cases like this.

it simply does not matter whether the finding of guilt was set aside or whether a new trial was granted.

The majority seems to believe that the word "convicted" must have the same meaning throughout all statutes passed by the legislature. Because it ignores the plain meaning of the concealed handgun licensing statute, as adopted, in favor of a strained construction, I dissent.